UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| REBECCA F. DUBEA | | |
| Plaintiff | * | DOCKET NO. _____ |
| VERSUS | * | JUDGE DRELL |
| AVOYELLES PARISH SCHOOL BOARD | * | MAGISTRATE JUDGE KIRK |
| Defendant | | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

# COMPLAINT

The Complaint of **REBECCA F. DUBEA**, a citizen and resident of the Parish of Avoyelles, State of Louisiana, respectfully represents that:

I.

Made defendant herein is:

**AVOYELLES PARISH SCHOOL BOARD,** a political subdivision of the State of Louisiana (hereinafter referred to as "School Board").

II.

This civil action arises under the provisions of the Age Discrimination Employment Act of 1967, 29 U.S.C. §621 et seq. This Court has jurisdiction under the provisions of 28 U.S.C. §1343 (4).

III.

The venue of this action is properly placed in the Western District of Louisiana pursuant to 28 U.S.C. §1391 because the facts that give rise to plaintiff's claim occurred in this district.

IV.

Plaintiff is a certified retired teacher who was formerly employed by defendant to teach in her area of Family and Consumer Science at Marksville High School during the school year 2008-2009.

V.

Plaintiff's date of birth is August 18, 1953.

VI.

In the summer of 2009, plaintiff learned that the School Board did not intend to rehire her for the school year 2009-2010 and on July 16, 2009, she learned that the Board intended to replace her with teachers who were non-certified and under the age of 40.

VII.

Plaintiff shows that it is the policy of the Avoyelles Parish School Board as well as the provisions of Title 17 of the Louisiana Revised Statute that the order of hiring teachers is as follows:

1. Current or first year teachers certified in the area of vacancy;
2. **Retired teachers certified in the area of vacancy**; and
3. Current or first year certified teachers eligible for a TAT (temporarily approved to teach).

VIII.

On or about May 6, 2010, plaintiff filed a formal complaint with the School Board for their failure to rehire her for the school year 2009-2010 and replaced her with teachers who were non-certified and under the age of 40.

IX.

A hearing on the complaint was held by the Avoyelles Parish School Board on June 15, 2010. No action was taken on plaintiff's complaint.

X.

The Board's failure to rehire plaintiff and replace her with non-certified teachers under the age of 40 was a violation of the Board's policy under Louisiana State law as well as a violation of Louisiana prohibition of age discrimination set forth in LSA-R.S. 23:312 as well as the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621 et seq.

XI.

On or about May 7, 2010, plaintiff filed a charge with the Equal Employment Opportunity Commission charging that the defendant did not rehire her and replaced her with younger non-certified teachers under the age of 40 on the basis of plaintiff's (56) age in violation of the Age Discrimination in Employment Act of 1967, as amended.

XII.

On or about June 30, 2010, plaintiff received a notification of a right to sue from the Equal Employment Opportunity Commission.

XIII.

Plaintiff shows that the above described actions of defendant, Avoyelles Parish School Board, deprived plaintiff of the benefits, income, privileges, terms, and conditions of her employment with defendant because of her age of the Age Discrimination Employment Act of 1967, 29 U.S.C. §621 et seq.

XIV.

As a result of the unlawful and discriminatory actions complained of herein, plaintiff has suffered damages in the following areas for which she is entitled to recover:

    (a)    Past, present and future loss of earnings and fringe benefits;

(b) Mental anguish, anxiety, humiliation, embarrassment and inconvenience, past, present and future; and

(c) All other damages allowed by law, including liquidated, exemplary and punitive damages, reasonable attorney fees and costs.

XV.

Plaintiff requests a trial by jury.

WHEREFORE, plaintiff demands:

1. Judgment against the defendant and prays that this Court award plaintiff back wages, compensatory damages, statutory liquidated, exemplary and punitive damages and such other monetary award as may be deemed appropriate in amounts to be determined at trial, but in no event less than One Hundred Fifty Thousand and No/100 ($150,000.00);

2. That plaintiff recover from defendant pre-judgment interest to the maximum extent permitted by law;

3. That plaintiff recover from defendant her costs, including reasonable attorney fees, together with other remedies as may be provided by law;

4. That a trial by jury be held; and

5. That this Court award such other further relief as may be just and equitable.

**BROUSSARD, HALCOMB & VIZZIER**

BY:_____s/Daniel E. Broussard, Jr._____
**DANIEL E. BROUSSARD, JR., #3510**
Post Office Box 1311
Alexandria, Louisiana 71309-1311
Telephone: (318) 487-4589

**ATTORNEYS FOR PLAINTIFF**