RECEIVED
SEP 27 2012
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| REBECCA F. DUBEA | CIVIL ACTION NO. 10-01148 |
| -vs- | JUDGE DRELL |
| SCHOOL BOARD OF AVOYELLES PARISH | MAGISTRATE JUDGE KIRK |

## RULING

Before the Court is the Motion for Summary Judgment filed by the Avoyelles Parish School Board (Doc. 17). All responses have been filed, and the matter is ready for disposition. For the following reasons, the motion will be GRANTED.

### I. Procedural Background

On July 16, 2010, Plaintiff filed a Complaint against the School Board of Avoyelles Parish asserting claims under the Age Discrimination in Employment Act (the ADEA) and Louisiana's Age Discrimination Employment Act (LADEA). (Doc. 1). Plaintiff contends Defendant did not rehire her as a Family and Consumer Sciences (hereinafter referred to as "Home Ec") teacher for the 2009-10 academic year because she was fifty-six years old.

Plaintiff previously taught throughout central Louisiana from 1979 to 1999, when she first retired. (Doc. 17-1). In 2008, Plaintiff re-applied to teach Home Ec at Marksville High School in Avoyelles Parish. (Doc. 17-1). As a retiree, Plaintiff was contractually re-

1

hired for the fall 2008 and the spring 2009 semesters. (Doc. 17-1). Plaintiff's contract to teach in Avoyelles Parish ended on May 22, 2009. (Doc. 17-1). Thereafter, Plaintiff withdrew from the Avoyelles Parish school system and began re-collecting retirement funds. (Doc. 17-1).

## II. Law and Analysis

### A. Legal Standard

#### 1. *Motion for Summary Judgment*

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although Rule 56 was amended effective December 1, 2010, "the amended rule contains no substantive change to the standard." Seacor Holdings, Inc. v. Commonwealth Ins. Co., 635 F.3d 675, 680, n.8 (5th Cir. 2011). An issue as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). We consider all "evidence in the light most favorable to the party resisting the motion." Trevino v. Celanese Corp., 701 F.2d 397, 407 (5th Cir. 1983). It is important to note that the standard for a summary judgment is two-fold: (1) there is no genuine dispute as to any material fact, *and* (2) the movant is entitled to judgment as a matter of law.

### 2. *Age Discrimination in Employment Act (ADEA) and Louisiana Age Discrimination in Employment Act (LADEA)*

Broadly, the ADEA prohibits an employer from discriminating against an individual on the basis of the individual's age. See 29 U.S.C. § 623(a)(1). "Determining whether a defendant is an 'employer' under Title VII or the ADEA involves a two-step process: (1) the defendant must fall within the statutory definition; and (2) there must be an employment relationship between the plaintiff and the defendant." Torres v. Liberto Mfg. Co., Inc., 67 F. App'x 252, *3 (5th Cir. 2003) (citing Deal v. State Farm County Mut. Ins. Co. of Tex., 5 F.3d 117, 118 n. 2 (5th Cir. 1993)).

> To establish a prima facie case for discriminatory failure to hire under the ADEA, the plaintiff must show that (1) he was over the age of forty at the time he was not selected; (2) he was qualified for the position he sought; (3) he was not selected; and (4) either (a) a candidate outside his protected class was hired, (b) someone younger was hired, or (c) he was otherwise not selected because of his age.

Joseph v. City of Dallas, 277 F. App'x 436, 439 (5th Cir. 2008).

The LADEA is identical to the federal ADEA, and "Louisiana courts have generally looked to federal case law for guidance." LaBove v. Raftery, 802 So. 2d 566, 573 (La. 2001).

### B. Analysis of Defendant's Motion for Summary Judgment

Defendant's motion will be granted because Plaintiff cannot establish a prima facie case of discrimination under the ADEA or the LADEA. To establish a prima facie case, Plaintiff must show that she "sought" the position and "was not selected" based on her age. Joseph, 277 F. App'x at 439. Plaintiff cannot establish these elements

3

because Plaintiff was not seeking a position with the School Board when the alleged discrimination occurred.

On May 22, 2009, Plaintiff's contract to teach in Avoyelles Parish ended. (Docs. 17-1; 23-1, Ex. 1). As a retiree, Plaintiff was contractually employed with Avoyelles Parish on a semester-to-semester basis. (Docs. 17-1; 23-1, Ex. 1). Nothing in the evidence allows for the assumption that Plaintiff was guaranteed a renewal of her employment contract each semester.

Additionally, on June 11, 2009, Plaintiff voluntarily retired and ended her employment with the School Board. (Docs. 17-5, Ex. 6; Doc. 23-1, Ex. 1). Plaintiff's contributions to the teacher retirement system ended after June 2009. (Docs. 17-5, Ex. 6; 23-1, Ex. 1). There is nothing in the record to suggest Plaintiff's retirement was involuntary or a result of discrimination. There is also nothing in the record to suggest Plaintiff "sought" a position after her voluntary retirement. Therefore, after June 11, 2009, Plaintiff could not be selected for a teaching position with the School Board because she was not a candidate for employment.

Finally, Plaintiff incorrectly claims the School Board failed to follow its hiring policy when it did not rehire her for the 2009-10 academic year. The policy Plaintiff refers to is the "Personnel Transfer" policy. (Doc. 17-5, Ex. 15). This policy applies to individuals employed by the School Board and allows the Superintendent to transfer "any teacher or other employee" from one school to another within the Parish with written notice. (Doc. 17-5, Ex. 15). The section of the document Plaintiff refers to provides a general

order of preference for personnel transfers within the school system. (Doc. 17-5, Ex. 15).

The order of preference for placing teachers transferred from one school to another is:

> 1. Current or first year teachers certified in the area of vacancy.
> 2. Current or first year certified teachers teaching outside their certified area eligible for an OFAT [Out-of-Field Authorization to Teach].
> . . . .
> 3. Teachers with Temporary Emergency Permit (TEP).
> . . . .
> 4. TTA teachers without certification [required to hold a degree, pass the Praxis exam, and qualify under Temporary Authority to Teach (TAT)].
> . . . .
> 5. Circular 665 teachers [full or part time non-certified personnel].
> . . . .
> 6. Retired teachers certified outside the area of vacancy.

(Doc. 17-5, Ex. 15).

Notably, the personnel transfer policy includes a category for retired teachers certified in an area outside the area of vacancy, but does not provide a category for retired teachers certified in the area of vacancy. Despite this omission, Plaintiff misinterprets the personnel transfer policy because it is an undisputed fact that Plaintiff voluntarily retired from Avoyelles Parish on June 11, 2009. (Docs. 17-1; 17-5, Ex. 6; 23-1, Ex. 1). As a retiree, Plaintiff falls within the last category in the personnel transfer policy because she is not a "current" teacher in Avoyelles Parish. Despite her claim to the contrary, Plaintiff is not entitled to a teaching position in preference to any other listed group.

## C. Conclusion

For the reasons detailed above, Defendant's Motion for Summary Judgment will be granted.

SIGNED on this 27th day of September, 2012 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE