United States Court of Appeals
Fifth Circuit

**FILED**
April 22, 2013

Lyle W. Cayce
Clerk

# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

---

No. 12-31086
Summary Calendar

---

D.C. Docket No. 1:10-CV-1148

RECEIVED
JUN 07 2013
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA
BY _____

REBECCA F. DUBEA,

    Plaintiff - Appellant

v.

SCHOOL BOARD OF AVOYELLES PARISH,

    Defendant - Appellee

Appeal from the United States District Court for the
Western District of Louisiana, Alexandria

Before JOLLY, BENAVIDES, and DENNIS, Circuit Judges.

## JUDGMENT

    This cause was considered on the record on appeal and the briefs on file.

    It is ordered and adjudged that the judgment of the District Court is affirmed.

    IT IS FURTHER ORDERED that plaintiff-appellant pay to defendant-appellee the costs on appeal to be taxed by the Clerk of this Court.

ISSUED AS MANDATE: JUN 05 2013

A True Copy
Attest  JUN 05 2013

Clerk, U.S. Court of Appeals, Fifth Circuit
By: _____
    Deputy

New Orleans, Louisiana

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 22, 2013

Lyle W. Cayce
Clerk

No. 12-31086
Summary Calendar

RECEIVED
JUN 07 2013
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA
BY

REBECCA F. DUBEA,

    Plaintiff-Appellant

v.

SCHOOL BOARD OF AVOYELLES PARISH,

    Defendant-Appellee

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:10-cv-1148-DDD-JDK

---

Before JOLLY, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    In this age discrimination case, Appellant Rebecca F. Dubea appeals the district court's grant of Appellee School Board of Avoyelles Parish's motion for summary judgment. We affirm the district court's judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

    Between 1979 and 1999, Rebecca Dubea worked in the Avoyelles Parish school system as a teacher certified in Family and Consumer Science ("F&CS")

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and Computer Literacy. Dubea retired from teaching in 1999. In 2008, Dubea decided to return to teaching and, after submitting an application for a position on June 16, 2008, she was contractually rehired to teach high school F&CS at Marksville High School for the 2008 fall semester. At the end of the fall semester, Dubea received a second one-semester contract to teach for the 2009 spring semester ending in May 2009. In June 2009, after her contract had expired, Dubea sought reimbursement for the retirement contributions she had made during the 2008–2009 school year. As part of the reimbursement process, the School Board of Avoyelles Parish (the "Board") certified that, as of May 22, 2009, Dubea was no longer employed with the Avoyelles Parish school system.

After her withdrawal from the school system in June 2009, Dubea's high school teaching position was taken by Susan Cole, a non-retired teacher certified in F&CS. Ms. Cole was hired by the Board based on the recommendation of Stephen Allgood, the principal of Marksville High School during the 2008–2009 school year. In July 2009, the Board also approved the appointment of Ashley Dubroc to teach middle school electives, including middle school F&CS, at Marksville High School,[1] although it is unclear who recommended Dubroc to the Board. Dubroc, a recent college graduate in her 20s, was state certified under a temporary authority to teach ("TAT"),[2] but she was not certified in the electives for which she was hired to teach.

Dubea did not formally submit an application in 2009 for either the high school or the middle school F&CS positions. Instead, Dubea claims that, in June 2009, Mr. Allgood asked if Dubea was interested in teaching for the 2009–2010 school year and she said she was. Dubea claims that, after she expressed

---

[1] In 2009, following the Board's consolidation of area middle schools and high schools, Marksville High School began offering 7th and 8th grade classes.

[2] TAT teachers must hold a college degree and have passing scores on the Praxis Pre-Professional Skills Test reading and writing examinations. *See* R. at 160.

2

interest in a position, Mr. Allgood asked Dubea to take part in a Marksville High School workshop on June 19, 2009 to plan for the upcoming 2009–2010 school year. After she attended the workshop, Dubea alleges that Allgood told Dubea that she would receive the middle school F&CS position.

In his deposition testimony, however, Allgood did not recall offering the position to Dubea, nor did he recall inviting Dubea to attend the June 19 workshop. Furthermore, neither Allgood, nor his successor, Celeste Voinche, who became principal of Marksville High School in August 2009, recommended that the Board hire Dubea for the middle school F&CS position. The Board's employment policy indicates that the Superintendant of the Board "shall consult with the principal regarding any possible selections made by the Superintendant for hiring or placement of any teacher," R. at 150, and, according to Board Superintendant Dwayne Lemoine, this policy requires a candidate for hire to secure a recommendation from a principal before the Board may hire the candidate, R. at 148, 393–94.

After Dubea learned that Ms. Cole and Ms. Dubroc had been hired for the two F&CS positions, she met with Mr. Lemoine to discuss the Board's hiring decisions. Lemoine explained that Dubea had not been recommended for either of the positions, but he asked her if she was still interested in employment for the 2009–2010 school year. Following this conversation, and allegedly at Lemoine's request, Ms. Voinche contacted Dubea in fall 2009 to ask if she was interested in a position at Marksville High School teaching 7th grade English and 10th grade Algebra. Dubea declined the position because she felt she was not qualified to teach these subjects.

On July 16, 2010, Dubea filed a complaint in the district court against the Board alleging that, because of Dubea's age, the Board selected Dubroc instead of Dubea for the middle school F&CS position, thus violating the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*

3

No. 12-31086

The Board filed a motion for summary judgment on January 13, 2012 and the district court granted the motion on September 27, 2012. This timely appeal followed.

## STANDARD OF REVIEW

We review a district court's grant of summary judgment de novo. *Cannata v. Catholic Diocese of Austin*, 700 F.3d 169, 172 (5th Cir. 2012). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). We review the facts in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. *Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 651 (5th Cir. 2004). "Even if we do not agree with the reasons given by the district court to support summary judgment, we may affirm the district court's ruling on any grounds supported by the record." *Berquist v. Wash. Mut. Bank*, 500 F.3d 344, 349 (5th Cir. 2007) (internal quotation marks omitted).

## ANALYSIS

Under the ADEA, it is "unlawful for an employer . . . to fail or refuse to hire or to discharge any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1). "To establish an ADEA claim, [a] plaintiff must prove by a preponderance of the evidence (which may be direct or circumstantial), that age was the 'but-for' cause of the challenged employer decision." *Moss v. BMC Software, Inc.*, 610 F.3d 917, 922 (5th Cir. 2010) (internal quotation marks omitted).

To avoid summary judgment in age discrimination cases based on circumstantial evidence, the plaintiff must first establish a prima facie case of discrimination by showing "that (1) he belongs to a protected class; (2) he applied for and was qualified for a position that was seeking applicants; (3) he was rejected; and (4) following his rejection, another applicant not of the protected

No. 12-31086

class was hired." *Haas v. Advo Sys., Inc.*, 168 F.3d 732, 733 (5th Cir. 1999). The burden then shifts to the defendant to show a legitimate, non-discriminatory reason for the employment decision. *Berquist*, 500 F.3d at 349. In cases based on direct evidence of discrimination, the burden shifts to the defendant with no further showing by the plaintiff. *Id.*[3] If the defendant meets his burden, the plaintiff avoids summary judgment only by showing that the defendant's stated reason for the employment decision was merely a pretext for discrimination. *Patrick v. Ridge*, 394 F.3d 311, 315–16 (5th Cir. 2004). It is at this third stage that the plaintiff must demonstrate that age was the "but-for" cause of the defendant's employment decision, notwithstanding the defendant's putative non-discriminatory reason for the decision. *See Reed v. Neopost USA, Inc.*, 701 F.3d 434, 439–40 (5th Cir. 2012).

As in her arguments before the district court, Dubea bases her appeal primarily on the Board's "personnel transfer" policy. In stating the order of preference for teachers requesting transfers from one school to another, the transfer policy indicates that "[r]etired teachers certified outside the area of vacancy" receive lower preference than TAT teachers without certification in any specific area. R. at 160–61. The Board admitted in its uncontested facts that it applies this preference scale not only to current teachers seeking transfers, but also to new hires—a category which would include Dubea since Dubea had withdrawn from the school system prior to her alleged re-application in June 2009. *See* R. 256 ("After the employment of certified teachers, personnel operating under a TAT were hired with retired teachers being appointed for available positions after that.").

---

[3] Evidence is only "direct" if, accepted as true, it "proves the fact of discriminatory animus without inference or presumption." *West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 384 (5th Cir. 2003) (internal quotation marks omitted).

No. 12-31086

Dubea claims that she was denied the middle school F&CS position pursuant to the Board's transfer policy. To support her claim, Dubea points to a July 7, 2009 Board meeting—the same meeting at which the Board approved Ms. Dubroc's appointment—in which Superintendant Lemoine "stated that after the employment of certified teachers, the Board appoints personnel under a 'Temporary Authority to Teach,' and then appoints retired teachers." R. at 187. Dubea also highlights Lemoine's deposition testimony in which he stated that "it's valid for the school district to continue to bring in new teachers, younger teachers" and "it's very important for the district to continue trying to develop and retain young teachers and new teachers in the system for longevity purposes. For stability." R. at 105–06. Dubea asserts that the Board, in hiring Dubroc instead of her pursuant to this policy, violated the ADEA because the "longevity" sought by the Board is nothing more than an "ageist preference" based on stereotypes of retirees' teaching ability. Br. of Pl.-Appellant 42.

The district court rejected Dubea's claim, finding that Dubea had not established a prima facie case of discrimination because nothing in the record suggested that Dubea had "sought" a position after she withdrew from the school system in June 2009. On appeal, Dubea argues that she "actively pursued" the middle school F&CS position, irrespective of whether she submitted a formal application. Br. of Pl.-Appellant 38.

We have reservations about the district court's conclusion that Dubea never sought a position, but we need not reach this issue, as we may affirm on any basis supported by the record. *See Berquist*, 500 F.3d at 349. Even assuming that Dubea "applied for" the position and thereby could establish a prima facie case, *see Haas*, 168 F.3d at 733, we affirm the district court's judgment because Dubea is unable to show that the Board's legitimate, non-discriminatory reason for its decision to hire Dubroc instead of Dubea was pretextual.

6

The Board argues that its decision to hire Dubroc was based not on age, but rather on the fact that Dubea did not secure a recommendation from a principal before the Board approved the appointment of Dubroc on July 7, 2009.[4] Dubea does not dispute that it is the Board's policy to appoint new hires only upon the recommendation of a principal, and she does not challenge the validity of that policy. Instead, Dubea claims that she was offered the position by Mr. Allgood. As noted above, this claim is not corroborated by Allgood, but even if Allgood promised her the position, Dubea points to no evidence suggesting that Allgood or any other principal in the Avoyelles Parish school system took the important step of recommending Dubea to the Board. In the absence of any evidence that the Board received a recommendation to hire her, Dubea cannot show that, but for her age, the Board would have hired her. If the Board never received a recommendation, it could not have considered her for the middle school F&CS position. Thus, Dubea cannot show that age was the "but-for" cause of the Board's decision not to hire her, see *Moss*, 610 F.3d at 922, because the Board never had an opportunity to consider Dubea *at all*, let alone on the basis of her age.

Our analysis is unaffected by the Board's transfer policy or Lemoine's comments, as this evidence does not seriously undermine the Board's legitimate explanation for its hiring decision. Although the parties vigorously dispute whether a policy of favoring non-retirees over retirees in order to secure "longevity" would amount to age discrimination, there is no showing that the Board hired Dubroc instead of Dubea pursuant to such a policy. As noted above, lacking a recommendation from a principal, Dubea was never considered by the

---

[4] In addition, the Board argues that Dubea's poor job performance provided a legitimate and non-discriminatory basis for the Board's decision. Dubea claims that this reason is pretextual since Dubea received positive job evaluations during the 2008–2009 school year. We need not resolve this dispute, as we do not rely on Dubea's job performance in finding that the Board's decision was based on a non-discriminatory reason.

Board, and thus the Board could not have actively denied Dubea the F&CS position pursuant to the transfer policy.

Dubea does not clearly articulate the argument that her failure to secure a principal's recommendation arose directly from the Board's transfer policy. Dubea does, however, point out that, in his deposition testimony, Mr. Allgood said that he was given a "directive" from Superintendant Lemoine "to try to fill all positions with nonretire/rehire people." R. at 614–15. Construing her argument broadly, Dubea suggests that she was unable to secure a recommendation *because of* the Board's transfer policy, and thus her failure to obtain a recommendation was a pretextual reason for the Board's allegedly age-based decision not to rehire her. Even assuming Dubea adequately raised this claim, however, there is still no evidence specifically connecting the transfer policy to the Board's failure to consider Dubea for the position. Although Mr. Allgood claimed that he hired *Ms. Cole* for the high school F&CS position pursuant to the transfer policy, he denies that he hired Ms. Dubroc, and his testimony therefore does not demonstrate that Dubroc was hired instead of Dubea in accordance with Lemoine's alleged directive. Lacking evidence that she was hired pursuant to the Board's transfer policy, Dubea cannot show that the transfer policy, regardless of its legitimacy, was the "but-for" cause of the Board's employment decision. Accordingly, Dubea is unable to show that the Board's non-discriminatory reason for not hiring her for the middle school F&CS position was pretextual.

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court's judgment.

# United States Court of Appeals
## FIFTH CIRCUIT
### OFFICE OF THE CLERK

LYLE W. CAYCE  
CLERK

TEL. 504-310-7700  
600 S. MAESTRI PLACE  
NEW ORLEANS, LA 70130

June 05, 2013

RECEIVED  
JUN 07 2013  
TONY R. MOORE, CLERK  
WESTERN DISTRICT OF LOUISIANA  
SHREVEPORT LOUISIANA  
BY

Mr. Tony R. Moore  
Western District of Louisiana, Alexandria  
United States District Court  
300 Fannin Street  
Suite 1167  
Shreveport, LA 71101-0000

No. 12-31086,   Rebecca Dubea v. School Bd of Avoyelles Parish  
               USDC No. 1:10-CV-1148

Enclosed, for the district court only, is a copy of the judgment issued as the mandate and a copy of the court's opinion.

The electronic copy of the record has been recycled.

Sincerely,

LYLE W. CAYCE, Clerk

By: *Misty Lisotta*  
Misty L. Lisotta, Deputy Clerk  
504-310-7716

cc: (letter only)  
    Honorable Dee D. Drell  
    Mr. Daniel E. Broussard Jr.  
    Ms. Karen D. Murphy

P.S. to Judge Drell:  A copy of the opinion was sent to your office via email the day it was filed.